No. 3618

Second Circuit

DANCIGER v. REED ET AL.

(December 31, 1929. Opinion and Decree.)
(January 31, 1930. Rehearing Refused.)
(March 10, 1930. Writ of Certiorari and
Review Refused by Supreme Court.)

J. W. Elder, of Ruston, attorney for plaintiff, appellant.

S. L. Digby, of Farmerville, attorney for defendants, appellees.

REYNOLDS, J. Plaintiff sues for judgment against the defendants in solido for $600 with legal interest thereon from April 21, 1924. He alleges:

That Shelly Wills Reed is the widow and her codefendants Walter Reed, A. Reed, Willie Reed, and Mattie Ollie Reed, the sole heirs, of L. W. Reed, deceased, and had unconditionally accepted his succession, and therefore were liable to him in solido in warranty instead of L. W. Reed for said sum and interest, for this, that, on April 21, 1924, he purchased from L. W. Reed, for the price of $1,000 cash, an oil and gas lease of, and also one-half of the minerals on and under, the S½ of SW¼ and NE¼ of SW¼ of section 12, township 20 north of range e east in Union parish, La., as per deed recorded in book 55 at page 7 of the conveyance records of said parish on April 25, 1924;

and that on February 29, 1924, he purchased from L. W. Reed an oil and gas lease on the same land and also on the NW¼ of SW¼ of the same section, township, and range, for the price of $800, as per act recorded March 28, 1924, in Book 54 at page 389 of said records. That he was to have thirty days in which to examine the title. That he discovered that L. W. Reed had already sold the oil, gas, and minerals under the last-described 40 acres; and that thereupon he and Reed entered into the contract of April 21, 1924, above described, and that on March 26, 1924, L. W. Reed sold an oil and gas lease on the S½ of SW¼ and NE¼ of SW¼ of the said section, township, and range to W. C. Feazel, and that the lease was recorded on the same day.

That one Thomas C. Wittmer, as the assignee of W. C. Feazel, obtained a judgment against him, Joseph Danciger, in suit No. 7984 on the docket of the district court of Union parish entitled Thomas C. Wittmer vs. Joseph Danciger, annulling the deed and lease made to him as aforesaid by L. W. Reed, but that he had no notice of the suit, and no appearance was made therein for him.

That by reason of the sale by L. W. Reed to W. C. Feazel of an oil and gas lease on the land on April 21, 1924, L. W. Reed had no title to transfer to him, and he acquired none under the transfers from Reed to him, and that the consideration he paid Reed for the transfers had failed.

That there was no agreement between himself and Reed fixing the respective values of the lease and of the sale from Reed to himself, but that he had agreed to pay Reed $800 for an oil and gas lease on the entire SW¼ of the section, township, and range named, and that Reed had actually received from Feazel $1,200 in

cash for the lease, and that the portion of the price he paid Reed on April 21, 1924, was at least $600 for the lease.

The defendants admitted that they were the widow and heirs, respectively, of L. W. Reed, and that they had unconditionally accepted his succession, but denied that they were liable in any amount in warranty to plaintiff.

On these issues the case was tried, and there was judgment dismissing plaintiff's suit as in case of nonsuit, and he appealed.

## OPINION

In his reasons for judgment, our learned brother of the district court reviewed the evidence pertaining to the dealings between plaintiff and L. W. Reed, deceased, and the law applicable thereto, but in our opinion, in order to reach a correct decision of the issues, it is only necessary for us to consider the oil lease and the mineral sale of April 21, 1924, on which plaintiff bases his claim in warranty against the defendants. In that lease of oil and gas and sale of minerals for the price of $1,050, it is not stated how much of the price is for the oil and gas lease or how much is for the sale of the minerals, and there is no evidence in the record tending to show what part of the total price was given for the lease or for the sale. Plaintiff contends that how much was paid for the lease and how much for the sale appears from the transfer of February 29, 1924, and that this should be taken as the basis of the sale of April 21, 1924. We cannot accept this view of the matter. The relative value of an oil lease as compared with a sale of minerals may change overnight for any one of several reasons. A sale of minerals follows the land into the hands of whoever may become the owner of it, and may last for ten years from its date.

There being no evidence in the record as to what part of the $1,050 in the transfer of April 21, 1924, represents the consideration for the oil lease or what part of it represents the sale of the minerals, and plaintiff's claim in warranty being founded on this transfer, there is no evidence in the record on which we could found a judgment as to what amount plaintiff is entitled to recover from defendants, inasmuch as plaintiff does not complain of any loss in connection with the purchase of the minerals, but only that he has been deprived of his rights under the oil lease. Nabors Oil & Gas Co. vs. La. Oil Rfg. Co., 151 La. 361, 91 So. 765.

We find no error in the judgment appealed from, and accordingly it is affirmed.